**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1636
_____

TIMOTHY E. TRIMBLE,
                            Appellant

v.

JACK SHAW, OSCE Official;
DANIEL N. RICHARD, Director in Personal capacity, other unknown
officials in their personal capacity for the Commonwealth of Pennsylvania;
JOSEPH SIGNORE; SUSAN LAMPING; JEFFREY DESANZO; LOU PASQUELIN;
JAN HOFFMAN; CAROLE COLLELLA; ATTORNEY URICK, in personal capacity,
other unknown officials in their personal capacity of Beaver County, Pa.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-00172)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 12, 2014

Before:  JORDAN, COWEN and BARRY, Circuit Judges

(Opinion filed: August 14, 2014 )
_____

OPINION
_____

PER CURIAM

Timothy E. Trimble initiated a civil action in the United States District Court for the Western District of Pennsylvania in March 2013. In his second amended in forma pauperis complaint, Trimble sued the defendants pursuant to 42 U.S.C. § 1983 in relation to allegedly unconstitutional actions that occurred in, and as a result of, his 1993 divorce proceedings. Essentially, he objected to how the divorce proceedings were conducted in the 1990s, including the role of the domestic relations hearing officers in his case. He also complained about the garnishment of his wages and Social Security disability payments through July 2010. He submitted lengthy appendices to the District Court in support of his claims that included his correspondence on these and related matters from 1993 until 2010.

The defendants (all but Shaw, who had not been served) filed motions to dismiss the second amended complaint, arguing, inter alia, that Trimble's claims were time-barred. A Magistrate Judge issued a report, recommending that the motions be granted because Trimble's claims were untimely on the face of the complaint. The Magistrate Judge also stated that the claims against Shaw be dismissed sua sponte under 28 U.S.C. § 1915(e) on the same basis. Trimble objected, arguing, among other things, that his claims could be considered timely because he did not immediately discover some of the alleged wrongdoing and also because he had been too depressed to appreciate the ramifications of the defendants' action. Regarding the time-bar, in his second amended complaint, he additionally noted that he did file a complaint in a federal district court in

Florida within two years of 2010.  The District Court rejected Trimble's objections, adopted the report and recommendation, and dismissed the complaint.  Trimble twice sought reconsideration, which the District Court twice denied.[1]  Trimble appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the order dismissing Trimble's second amended complaint.  See McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  Generally, our review of an order denying a motion for reconsideration is for abuse of discretion, but, to the extent the denial is based on the interpretation and application of a legal precept, our review is plenary.  See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985).  We review orders denying appointment of counsel for abuse of discretion.  See Tabron v. Grace, 6 F.3d 147, 155 n.4 (3d Cir. 1993).  Upon review, we will affirm the District Court's judgment.

The District Court properly dismissed the complaint because Trimble's claims were time-barred on the face of his second amended complaint.  If a plaintiff's allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim.  See Jones v. Bock, 549 U.S. 199, 215 (2007); see also, e.g., Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).  Furthermore, although the running of the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), where that defense is

_____

[1] In the course of the proceedings, the District Court also denied Trimble's motions to

obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Ball v. Famiglio, 726 F.3d 448, 459-60 (3d Cir. 2013) (ruling that a dismissal for failure to state a claim based on an affirmative defense that is clear on the face of a complaint can constitute a strike under 28 U.S.C. § 1915(g)).

Trimble's claims, made pursuant to 42 U.S.C § 1983, are governed by 42 Pa. Cons. Stat. § 5524(2), Pennsylvania's two-year statute of limitations for tort actions. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers, 855 F.2d 1080, 1087 (3d Cir. 1988). They accrued when he knew or should have known of the injuries on which his claims are based. See Sameric Corp. v. Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

All of Trimble's claims accrued more than two years before he filed his civil action in the District Court. Some of the claims accrued decades ago. At the latest, his most recent claims, those relating to the garnishment, accrued in July 2010. See Complaint at 29 ("The last action that beaver [sic] County had taken on this case occurred July 6, 2010.") Considering his allegations, we conclude that Trimble knew of any injuries at the times described in his complaint. Although he states that he could not discover the claims previously, his allegations and the voluminous appendices with his

appoint counsel.

4

detailed correspondence about these matters throughout the decades belies that claim, including his argument that depression impeded his awareness. That Trimble filed a complaint in another district court previously does not change the date he initiated this action.[2] For these reasons, the District Court properly dismissed Trimble's second amended complaint as time-barred.

Furthermore, the District Court properly denied reconsideration because Trimble did not present a basis for it. See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Also, because the applicable statute of limitations clearly barred Trimble's complaint, the District Court did not abuse its discretion in denying appointed counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (explaining that before appointing counsel, a court must, as a threshold matter, determine if a case has arguable merit in fact and in law).

For these reasons, we will affirm the District Court's judgment.

---

[2] In his reply brief, Trimble also presents an argument that he suffers a "continuing wrong" that would make his claims timely. First, it does not appear that he presented this argument in his opening brief or in the District Court. As we have explained, absent compelling circumstances, which are not present here, we will not consider issues raised for the first time on appeal. See Shell Petroleum, Inc. v. United States, 182 F.3d 212, 219 (3d Cir. 1999). Also, issues in dispute on appeal should be raised in an opening brief, not in reply. See, e.g., Ethypharm S.A. Fr. v. Abbott Labs., 707 F.3d 223, 231 n.13 (3d Cir. 2013) (explaining that issues not so raised may be considered waived). Lastly, we note that although Trimble uses the term "continuing wrong," he does not present a case that fits within the doctrine. See Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 214 n.8 (3d Cir. 2002) (describing the doctrine).

5