**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1734
_____

TIMOTHY E. TRIMBLE,
                                        Appellant

v.

COUNTY OF BEAVER, PA,
Doe defendants in Individual and Official Capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-15-cv-00190)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2015

Before:  GREENAWAY, JR., SCIRICA and RENDELL, <u>Circuit</u> <u>Judges</u>

(Filed: September 14, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Timothy E. Trimble initiated a civil action in the United States District Court for the Western District of Pennsylvania in February 2015.  In his amended in forma pauperis complaint, Trimble sued Beaver County, Pennsylvania, and "Doe defendants in individual and official capacity."  He alleged that the defendants, during a Beaver County domestic relations proceeding, violated the Pennsylvania Rules of Civil Procedure, deprived him of a hearing, and put him in jail several times.  He further alleged that he suffered a cascade of ill effects from the violation of the procedural rules, including, but not limited to, humiliation, chronic depression, personal bankruptcy, and dependence on welfare.  Twice in his amended complaint, Trimble noted that the last action in the Beaver County domestic relations matter (which, he asserted, began in 1993) took place in July 2010.  Amended Complaint at Page 2, Lines 33-34, and Page 7, Lines 114-116.

The District Court dismissed Trimble's amended complaint with prejudice, concluding, inter alia, that his claims were time-barred, and that amendment would be futile.  Trimble sought reconsideration, asserting that his action was timely filed because the last relevant Beaver County action took place in February 2010, and he had filed previous complaints (including a 2012 suit in the United States District Court for the Middle District of Florida) challenging Beaver County actions.  He also asserted that the continuing wrong doctrine applied for acts that occurred between 1980 and July 2010.  The District Court denied the motion for reconsideration.  Trimble appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the order dismissing Trimble's amended complaint.  See Allah v.

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004). Our review of an order denying a motion for reconsideration is generally for abuse of discretion, but, to the extent the denial is based on the interpretation and application of a legal precept, our review is plenary. See Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). Upon review, we will affirm the District Court's judgment.

The District Court properly dismissed the complaint because Trimble's claims were time-barred on the face of his amended complaint. If a plaintiff's allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim. See Jones v. Bock, 549 U.S. 199, 215 (2007); see also, e.g., Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). Furthermore, although the running of the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Ball v. Famiglio, 726 F.3d 448, 459-60 (3d Cir. 2013) (ruling that a dismissal for failure to state a claim based on an affirmative defense that is clear on the face of a complaint can constitute a strike under 28 U.S.C. § 1915(g)).

Trimble's claims, made pursuant to 42 U.S.C § 1983, are governed by 42 Pa. Cons. Stat. § 5524(2), Pennsylvania's two-year statute of limitations for tort actions.  See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009); Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers, 855 F.2d 1080, 1087 (3d Cir. 1988).  They accrued when he knew or should have known of the injuries on which his claims are based.  See Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

All of Trimble's claims accrued more than two years before he filed his civil action in the District Court.  By his own account, his most recent claims accrued, at the latest, in July 2010.  Considering his allegations, we conclude that Trimble knew of any injuries at the times described in his complaint.

That Trimble filed previous complaints in federal district courts does not change the date he initiated this action.  Also, although Trimble asserts that his claims are timely presented because he suffered a "continuing wrong" from approximately 1980 to 2010, he does not present a case that fits within the continuing wrong doctrine.  See Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 214 n.8 (3d Cir. 2002) (describing the doctrine).

Given that Trimble, in his amended complaint, repeated the allegations in his initial complaint (including allegations that we have previously explained were time-barred, see Trimble v. Shaw, 576 F. App'x 88 (3d Cir. 2014) (nonprecedential)), we conclude that the District Court did not abuse its discretion in concluding that amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4

Furthermore, the District Court properly denied reconsideration because Trimble did not present a basis for it.  See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

For these reasons, we will affirm the District Court's judgment.